**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
_Tallahassee_ **DIVISION**

**CIVIL RIGHTS COMPLAINT FORM**
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983**

George Richard Mendoza,
Inmate # 099172
(Enter full name of Plaintiff)

vs.

Secretary Julie Jones, FL Dept of Corrs
Access Corrections,
Trinity Services Group,
Keefe Group,

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

4:18-cv-00066-RH-CAS

CASE NO: _____
(To be assigned by Clerk)

Jury Trial Demanded

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**


FiledJAN29'18USDCFln4PM0400

## I. PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: George Richard Mendoza
Inmate Number: #099172 / B-1114-U
Prison or Jail: Avon Park C.I.
Mailing address: 8100 Hwy. 64 East
Avon Park, FL 33825

## II. DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: Julie Jones
Official position: Secretary
Employed at: Florida Department of Corrections
Mailing address: 501 South Calhoun Street
Tallahassee, FL 32399-2500

(2) Defendant's name: Access Corrections
Official position: ___
Employed at: ___
Mailing address: 10880 Lin Page Place
Saint Louis, MO 63132

(3) Defendant's name: Trinity Services Group
Official position: ___
Employed at: ___
Mailing address: 477 Commerce Blvd.,
Oldsmar, FL 34677

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

II. DEFENDANT(S):

(4) Defendant's name:   Keefe Group
    Official position:
    Employed at:
    Mailing address:   10880 LinPage Place
                       St. Louis, MO 63132

2 A

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )    No(✓)

1. Parties to previous action:
   (a) Plaintiff(s): N/A
   (b) Defendant(s): N/A
2. Name of judge: N/A    Case #: N/A
3. County and judicial circuit: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: N/A

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )    No(✓)

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): N/A
2. District and judicial division: N/A
3. Name of judge: N/A    Case #: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A

7. Facts and claims of case: _____N/A_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)          No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____N/A_____
   b. Defendant(s): _____N/A_____
2. District and judicial division: _____N/A_____
3. Name of judge: _____N/A_____   Case #: _____N/A_____
4. Approximate filing date: _____N/A_____
5. If not still pending, date of dismissal: _____N/A_____
6. Reason for dismissal: _____N/A_____
7. Facts and claims of case: _____N/A_____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )          No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____N/A_____
   b. Defendant(s): _____N/A_____
2. District and judicial division: _____N/A_____
3. Name of judge: _____N/A_____   Case Docket # _____N/A_____
4. Approximate filing date: _____N/A_____   Dismissal date: _____N/A_____
5. Reason for dismissal: _____N/A_____

4

6. Facts and claims of case: ___N/A___

(Attach additional pages as necessary to list cases.)

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

(1) The Florida Department of Corrections and its vendors (Access Corrections, Trinity Services Group and Keefe Group) advertised via posters, flyers, Kiosk Screen Savers, MP3 Digital Player User Guide and in the Audio End User License we would receive certain options and services if we purchased an MP3 Digital Music Player, Accessories and Music. Some of those options and services promised are the following... (a) Access to a catalog of music that spans millions of songs and each time I connect to the music Kiosk newest catalog will be updated with the last releases and music updates; (b) allow me to own unlimited music because the Re-Order Manager allows me to own unlimited amount of music and Access Corrections will store all my deleted songs for me at no cost and give them back to me whenever I want for free; (c) the music Kiosk will purchase all of the songs I have listed on my download manager in the exact order in which they are listed; (d) if my MP3 Digital Device breaks my music will be transferable to a new device, and there was absolutely no mortality (end) date advertised in advance that our devices would be shut off and rendered inoperable by Access Corrections and/or that the Florida Department of Corrections would force us to mail them out.

(2) Based on those options and services promised that were clearly advertised around March 29, 2013, I purchased an MP3 Digital Music Player ($99.95 plus Tax), Armband with Protective Rubber Cover ($15°° plus Tax), Screen Protector 3 pack ($6°° plus Tax), and from that date to date I periodically purchased songs (360 total) at a cost of 5 Songs at $1.70 each (total song cost $612°°).

(3) On or around October, 2017, four (4) years later the Florida Department of Corrections posted several Notices/Flyers to Inmates stating the Florida Department of Corrections has opted to end the existing Keefe/Trinity Services Group/Access Corrections Digital Music Player Program December 15, 2017, to award a new contract to JPay to provide statewide multimedia Kiosks and Tablet

5

service and force me and other inmate(s) to get rid of our Digital Music Players and accessories by mailing them out at our expense by January 23, 2019. Moreover, Keefe Group, Trinity Services Group and Access Corrections when I connected to the Kiosk on January 01, 2018, installed a mortality timer on my MP3 Digital Music Player which will arbitrarily shut down and render it non-operational January 23, 2019. The only way to make it operational again is having someone outside mail it to Access Corrections to remove the security timer at an additional cost of $24.95 and it will be returned to the person mailing it not to me the purchaser.

(4) In many of the Notices, Memos posted and responses I received from the Florida Department of Corrections and Access Corrections they have acknowledged they understand that some inmate(s) have made a significant investment in music with our current digital music players, but they allege a transition was necessary to offer inmate(s) even more functionality from a Tablet device and enhance their ability to communicate with their friends and family.

(5) Plaintiff George R. Mendoza, pro se, alleges that at no time was it advertised to him and other inmate(s) in advance prior to us making a significant investment in our MP3/MP4 Digital Music Players, Accessories and Music that... (a) we could only possess it until January 23, 2019, when I have a Life Sentence and/or (b) a mortality timer would be installed to render my device non-operational to me the buyer by January 23, 2019. To do so now under the guise that it's to offer us more value and promise in the services offered with the New Multimedia Kiosk and Tablet program does not negate the fact it does not help us who made a significant investment in our current digital MP3/MP4 Music Players, Accessories and Music and/or compensate us for our significant investment which is an arbitrary act that in essence is a "bait and switch" tactic regardless their alleged motives and/or alleged good intentions because they induced us into buying the digital music players, accessories, and music with promises that they are now not keeping because they have changed the terms using false representations of the terms which is false advertisement and thereby fraud the Florida Department of Corrections, Access Corrections, Keefe Group and Trinity Services Group, all profited significantly from my and other inmate purchases based on what they advertised. Whatever alleged benefits the new service may or will offer is a statement that is a smoke screen and has no bearing on what was advertised and promised to me with my current digital music player and music and the Defendant(s) have a fiduciary responsibility to fulfill what was advertised and promised to me a customer and to not fulfill those promises is a breach of that implied and written agreement/contract/

6

covenant and that breach is the proximate cause of injury or damage.

(6) Plaintiff George R. Mendoza, alleges there are alternative viable and reasonable solutions that he suggested in his letters and grievances to the defendant(s) which are ... (a) give us a tablet free of charge to replace our current digital music players as advertised but also transfer our present music to the Tablets "or" (b) give us a tablet free of charge to replace our current digital music player as advertised but also reimburse us full cost for our music or give us credit towards music on the Tablets for our music on our current digital players "or" (c) reimburse us full cost for our current digital players, accessories and music "or" (d) award dual contracts to Access Corrections, Keefe Group, Trinity Services Group to provide statewide Multimedia Kiosks and MP3/MP4 digital music Players, Accessories and Music Service and to JPay the other contract to provide statewide Multimedia Kiosk and Tablet Service which offers a wider selection of services and causes more competitive prices for inmate(s) on music. However, the Florida Department of Corrections, Access Corrections, Trinity Services Group and Keefe Group refused all of these viable and reasonable alternative solutions.

(7) Plaintiff George R. Mendoza, avers this is not an isolated issue but a systematic problem with the Florida Department of Corrections and it's vendors preying on inmate(s) and their loved ones financially for years (e.g. economic distortions that plague the prison phone industry with excessive phone call fees, excessive substandard clothing fees, excessive non-name brand substandard package item fees, and excessive canteen item fees because the winning bidder isn't necessarily the company that offers the lowest prices for incarcerated people and their families. This is because the Florida Department of Corrections receives a Kickback (fee) from Canteen Company operators), so what is being done now by the Florida Department of Corrections and it's vendors in reference to our current Digital Music Players, Accessories, and music is a blatant abuse of discretion that has been ongoing because they feel we are inmate(s) at their mercy and we and our families can be taken advantage of financially and Plaintiff will demonstrate the pattern with facts and evidence.

(8) The Florida Department of Corrections alleges the change is to add more value and promise in the services offered with the new JPay Multimedia Kiosk and Tablet program. The Plaintiff George R. Mendoza, avers that though that may be true ... (a) it does not change that false advertisement, breach of agreement, and bait and switch tactic has occurred; (b) he will demonstrate through documentary evidence that the hidden agenda of the Florida Depart-

ment of Corrections is to move towards totally eliminating inmate(s) from receiving physical mail from family and friends as well as eliminate physical contact visits with our families and friends allegedly to reduce potential entry points of contraband in essence eliminating all physical human contact with our loved ones when the reality is a major portion of the contraband (e.g. Cellphones, Tobacco, drugs, alcohol, and etc.,) is introduced by the Florida Department of Corrections staff which the I.G.'s office records and the Florida Department of Corrections own records will substantiate and (c) to award JPay the sole statewide multimedia Kiosks and Tablet service when JPay was previously also awarded the statewide contract to handle all inmate banking financial services for fees for the Florida Department of Corrections creates a monopoly by JPay that hinders other companies from entering these markets and offering the same or better services at a better price for us the inmate(s) and our loved ones and friends. Therefore, allowing one company (JPay) or even just two companies (Keefe Group and affiliates) to become so entrenched in the services offered to inmate(s) and their loved ones as vendors of the Florida Department of Corrections will result in the highly possibility of higher prices for us inmate(s) and our loved ones.

(9) Plaintiff George Richard Mendoza, avers the Florida Department of Corrections is being arbitrary and biased against me and other inmate(s) that purchased MP3/MP4 digital music players that they sold us but Not allowing us to possess our MP3/MP4 players and purchase and possess a Tablet, but will allow inmate(s) that do not possess MP3/MP4 players to purchase and possess a Tablet. This is biased and arbitrary treatment because all similarly situated inmate(s) are to be similarly treated which thereby violates Equal Protection of Law.

(10) Plaintiff George Richard Mendoza filed his first Informal Grievance on October 27, 2017, and received a response and denial on November 01, 2017, from the Asst. Wardens Office at Avon Park Correctional Institution. Then I filed my first Formal Grievance on November 02, 2017, and received a response and denial on November 09, 2017, from the Asst. Wardens office at Avon Park Correctional Institution, I then filed a Formal Grievance on November 14, 2017, and received a response and denial on December 26, 2017, from the Office of the Secretary Julie Jones, Florida Department of Corrections. In the process the Plaintiff George Richard Mendoza, filed a

6 (B)

second Informal Grievance on November 14, 2017, and received a response and denial on November 16, 2017, from the office of the Asst. Warden at Avon Park Correctional Institution. Then I filed a second Formal Grievance on November 20, 2017, and received a response and denial on November 22, 2017, from the office of the Asst. Warden at Avon Park Correctional Institution. Then I filed a second Formal Grievance November 28, 2017, and received a response and denial on December 26, 2017, from the Secretary Julie Jones, of the Florida Department of Corrections.

(11) Plaintiff George Richard Mendoza, avers he took further extra steps to resolve this matter in a reasonable and viable manner that is fair to all parties involved by writing a letter to Defendant Secretary Julie Jones, of the Florida Department of Corrections and sent a copy to Defendant Access Corrections on November 06, 2017, and sent yet another letter to Mr. John Clark, Media Program Manager of Access Corrections on November 09, 2017.

(12) Plaintiff George Richard Mendoza, avers the letter to the Secretary Julie Jones, Defendant was referred to Warden Tina Roberts of Avon Park C.I., office for a response which was responded to in a memo form basically with a denial and non-favorable solution for me and other MP3/MP4 player owners.

(13) Plaintiff George Richard Mendoza, sent a copy of his November 6, 2017, letter to Defendant Secretary Julie Jones to State Attorney General Pam Bondi, requesting that this fraud be investigated to no avail, and to be totally ignored (e.g. no response and/or investigation) because we are inmate(s) and the allegation is against an agent of the Florida Department of Corrections a state agency and its' vendors.

(14) Plaintiff George Richard Mendoza, further avers he sent an Inmate Request on December 07, 2017, to the Inspector at Avon Park Correctional Institution of the Inspector General's Office requesting an investigation for fraud in this matter to no avail, because I received not even a response.

(15) Plaintiff George Richard Mendoza, received several Notices

6 (c)

from Mr. John Clark, Access Corrections Media Program Manager alleging...
(a) that the Florida Department of Corrections decided to change vendors, not Access Corrections and that Access Corrections didn't have control over ending the contract, and it was out of their hands;
(b) that the mortality device Timer (Kill timer) they installed on my device which will render my device inoperable was extended until January 23, 2019 and to have it removed the player must be sent to someone outside and that person (not me the purchaser) can send it to Access Corrections and have the kill timer removed for an additional $24.95 (hidden imposed cost);
(c) Unfortunately, there is no refund going to be given.
(16) The Florida Department of Corrections avers in a grievance response that my music will not be transfered because JPay didn't benefit profits from those sales and the Florida Department of Corrections and Access Corrections both have stated they will not give a refund because they would lose money and profits. However, with deliberate indifference they are not taking action in such a manner to resolve the loss Plaintiff George Richard Mendoza, and other inmate(s) will take of the substantial investments we made in our MP3/MP4 Digital music players, accessories and music, as a result of their actions which amounts to fraud. So in essence by their actions and lack thereof they are saying it's okay for me and other inmate(s) to take a financial loss because we are inmate(s), but not for the defendant(s) which they profited an extremely amount of profits off us inmates.
(17) Plaintiff George R. Mendoza, avers this is no different than a person purchasing a Lincoln Town Car with power windows, power door lock, GPS, air conditioner, satellite Radio and several years later after you spent a subtantial amount on this car the dealer states as of December 15, 2017, you no longer will have power windows, power door lock, GPS, air conditioner, satellite radio, and by January 23, 2019, we are going to shut your car down by computer and render it non-operational and you must get rid of it, but we can do this and it's okay because it's to your benefit cause now we will sell you a rolls royce which is a better

6 (D)

car, and they do this with no advance warning before you purchased the Lincoln Town Car. Regardless the alleged motives they claim to have this is irrefutably a "bait and switch" tactic which is deceptive, unethical and an unfair trade practice which amounts to fraud and if permitted to do it who is to say they will not do it again in 3 to 5 years.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

(1) The Florida Department of Corrections and its' vendors (e.g. Access Corrections, Trinity Services Group, Keefe Group) induced me and many other inmate(s) via poster and flyer advertisements, Kiosks Screen Saver advertisements, User Guide, and End User License on MP3 Players (audio), into making significant investment in our current MP3/MP4 digital music players, accessories and music with false representations of options and services (e.g. Access to a catalog of music that spans millions of songs and each time I connect to music kiosk newest catalog will be updated with latest releases and

Continue on Page #7(A) - #7(B)

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

(1) Preliminary Injunction: (a) That the Florida Department of Corrections not end but renew the Media MP3/MP4 Player Music Program Contract with Keefe Group, Trinity Group Services, and Access Corrections and for the Florida Department of Corrections, Keefe Group,

continue on Page #7(C) - #7(D)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

01 / 25 / 2018
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 25 day of January, 20 18.

_____
(Signature of Plaintiff)

Revised 03/07

L. Moore
Senior Clerk P/C

7

VI.  STATEMENT OF CLAIMS:   Continuance

music updates; allows me to own unlimited music because Re-Order Manager allows me to own unlimited amount of music and Access Corrections will store all my deleted songs for me at no cost and give them back to me whenever I want for free; the music kiosk will purchase all of the songs I have listed on my download manager in the exact order in which they are listed; if my device (MP3 Player) breaks my music will be transferable to a new device), with clearly no end date and/or no device mortality timer date that would render my device non-operational. However, the Florida Department of Corrections and its vendors conspired, deceived, and defrauded me and many other inmate(s) by terms not fully disclosed, because now as of January 23, 2018, the sale of devices, accessories, music, options and services advertised and promised to me and many other inmate(s) as advertised and agreed upon by implied legally binding covenant/agreement/contract will sieze and no longer be available. The Florida Department of Corrections, Access Corrections, Trinity Services Group, and Keefe Group have a fiduciary responsibility to continue to fulfill the options and services advertised and promised to me and the breach of that responsibility is a breach of contract/agreement/implied covenant and is the proximate cause of injury/damage which amounts to false advertisement, false promises, misrepresentation, deception, false misleading marketing tactics in connection with the advertisement and sale of the merchandise, options and services, and subsequent performance after they made substantial profits from the sales to me and other inmate(s) which amounts to fraud.

(2) The Florida Department of Corrections and its' vendors (e.g. Access Corrections, Trinity Services Group, Keefe Group) advertised and sold me an MP3 digital music player, accessories, and music with no advance representation that we could only possess these items until January 23, 2019, and that we would be forced to mail them out by January 23, 2019, at our expense to top it off and/or that a mortality timer would be set on my device that would render my device inoperable to me the purchaser by January 23, 2019, and to now do so years later under the guise that it's okay to do this to me and other inmate(s) because they will offer now better value and promise in the services offered through the New JPay Multimedia

7 (A)

VI. STATEMENT OF CLAIMS: Continuance

Kiosk and Tablet program which is irrefutably a "Bait and Switch" act and a violation of the Florida Deceptive and Unfair Trade Practices Act 501.203 (3) (a,b,c) (4,5,6,8), unlawful acts and practices 501.204, which cannot be ignored simply because I'm an inmate and it's the Florida Department of Corrections agents and its' vendors committing the violation(s), as if because I'm an inmate I have no rights and I can be treated any kind of way which has been a systematic problem with the Florida Department of Corrections (e.g. excessive phone call fees, excessive substandard clothing product fees, excessive non-name brand substandard package and canteen item fees, and etc.). Moreover, I'm sentenced to a Life sentence with an outrageous parole date and I've been incarcerated over 33 years, therefore my home is the Florida Department of Corrections, therefore, to force me to mail it out to my family will not fulfill the services/options promised to me which I paid for and to do so without Due Process of Law violates Due Process of Law after it was the very same Florida Department of Corrections, Access Corrections, Trinity Services Group, Keefe Group that sold me the MP3 Digital Music Player, Accessories, and Music with Options and Services.

(3) The Florida Department of Corrections sold me the MP3 Digital Music Player, Accessories and Music. Now it has opted to not renew the contract with Access Corrections and to award a new contract to JPay to provide Multimedia Kiosk and Tablet program. The Florida Department of Corrections is arbitrarily and in a biased manner (depsite they have admitted in writting that JPay and Access Corrections are offering different programs), not permitting me to purchase and possess a tablet because I possess an MP3 player they sold me, but are permitting inmate(s) that don't possess MP3/MP4 players to purchase Tablets. This is irrefutably biased treatment that violates my Equal of Protection of Laws rights in that similarly situated inmate(s) must be similarly treated

## VII. RELIEF REQUESTED - Continuance

Trinity Group Services, and Access Corrections to continue to fulfill the options and services advertised and agreed upon to fulfill as advertised in flyers, posters, Kiosks Screen Savers, User Guide Manual and in the MP3/MP4 audio End User License legal binding agreement (e.g. Access to a catalog of Music that spans millions of songs and each time I connect to music Kiosks newest catalog will be updated with latest releases and music updates; allows me to own unlimited music because Re-Order Manager allows me to own unlimited amount of music and Access Corrections will store all my deleted songs for me at no cost and give them back to me whenever I want for free; the music Kiosk will purchase all of the songs I have listed on my download manager in the exact order in which they are listed; If my device (MP3 Player) breaks my music will be transferable to a new device) with no mortality (end) date advertised. (b) That the Florida Department of Corrections eliminate January 23, 2019, and/or any other deadline date of being able to possess my MP3 player, music, and accessories and that Keefe Group, Trinity Group Services and Access Corrections remove the January 23, 2019, mortality of my device timer and have no mortality device timer. (c) That the Florida Department of Corrections eliminate any and all arbitrary biased polices and rules that prohibits me from possessing my MP3 player, accessories and music and a tablet because I possess my MP3 player which the Florida Department of Corrections, Keefe Group, Trinity Group Services and Access Corrections sold to me. (d) That the Florida Department of Corrections sieze from proceeding forward with it's newly awarded contract to Jpay to provide statewide multimedia Kiosks and Tablets services to prevent it from hindering with the Access Corrections options and services advertised and agreed upon sold to me.

(2) **Compensatory Damages:** (a) If the Florida Department of Corrections wants to end the Contract with Access Corrections and wants to now force me to mail the players, accessories, and music out and Access Corrections wants to install a January 23, 2019, mortality timer on my MP3 device to be fully compensated for my MP3 Player ($106.95 with tax); armband with protective cover ($16.05 with tax); Screen

7 (c)

VII. RELIEF REQUESTED - Continuance

protectors ($6.42 with tax); 360 Songs ($612.00) for a total cost of $741.42. (b) All expenses incurred during the litigation of the above styled cause (e.g. filing fee, copies, postage, envelopes, attorney fees if appointed and etc.,).
(3) Nominal Damages: (a) $1.00
(4) Punitive Damages: (a) Punitive Damages in the amount of one million dollars ($1,000,000.00) from the Florida Department of Corrections; (b) Punitive Damages in the amount of one million dollars ($1,000,000.00) from Access Corrections; (c) Punitive Damages in the amount of one million dollars ($1,000,000.00) from Keefe Group; (d) Punitive Damages in the amount of one million dollars ($1,000,000.00) from Trinity Group Services.
(5) Any and all other Relief that this Honorable Court deems appropriate in the above-styled cause.

7 (D)



