# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GEORGE RICHARD MENDOZA,**

    **Plaintiff,**

vs.                                                   **Case No. 4:18cv66-RH/CAS**

**SECRETARY JULIE JONES,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, filed a civil rights complaint, ECF No. 1, asserting several claims. Subsequently, Plaintiff filed a motion for temporary restraining order and preliminary injunction, ECF No. 8, supported by a memorandum of law, ECF No. 9, and a declaration, ECF No. 10. Plaintiff's motion seeks an injunction to prevent the Defendants from transferring him "under false pretenses out of retaliation" for having filed this lawsuit. ECF No. 8 at 1-2. Plaintiff also seeks preliminary injunctive relief pertaining to the claims raised in this case. *Id.* at 2-3.

The complaint challenges the Department of Corrections' decision to terminate a contract with three business entities which will eliminate the current Digital Music Player Program in Florida prisons. ECF No. 1 at 6-7. Plaintiff contends that this action will result in the loss of his property and the significant investment made in the purchase of a digital music player and music. *Id.* at 7. He alleges that he was allowed to purchase music for an unlimited amount of time that could be stored and accessed at will, and that was to be "transferable to a new device" should his purchased player become defective. *Id.* at 6. Plaintiff contends that the companies have now installed "a mortality timer" on his music player which will render it non-operational in late January 2019. *Id.* at 7. He claims that Defendants have engaged in fraud and breached the contract provided at the time of purchase. *Id.* at 14. He further asserts that Defendants have violated his due process rights, *id.* at 15, and his Equal Protection rights because inmates who do not possess the MP3/MP4 players are able to purchase a tablet. *Id.* at 8-9, 15. As relief in this action, Plaintiff seeks injunctive relief, as well as compensatory, nominal, and punitive damages. ECF No. 1.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce</u>

Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

>(1) a substantial likelihood of success on the merits;
>
>(2) a substantial threat of irreparable injury unless the injunction issues;
>
>(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
>(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  To be entitled to a preliminary injunction, a plaintiff must demonstrate all four prerequisites.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

In this case, Plaintiff has not demonstrated irreparable injury. "Irreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012)).  Here, Plaintiff has specifically

requested compensatory damages.  The availability of monetary damages means that Plaintiff has not shown irreparable injury.  <u>Jefferson Cnty.</u>, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").  Thus, Plaintiff's motion should be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 10, be **DENIED** and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 9, 2018.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.