# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GEORGE RICHARD MENDOZA**
**DOC # 099172**,

      Plaintiff,

v.                                              Case No. 4:18-cv-66-RH-CAS

**JULIE L. JONES, ET. AL.**,

      Defendant.

_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Julie Jones, Secretary of the Florida Department of Corrections** ("Defendant"), moves for dismissal pursuant to the Federal Rules of Civil Procedure. The Motion to Dismiss is stated as follows:

## STATEMENT OF THE FACTS

1. George Mendoza ("Plaintiff"), is an inmate in the Florida Department of Corrections ("FDOC") serving a sentence for various criminal charges.

2. On January 25, 2018, Plaintiff filed a Complaint within this Court. *See* (Doc. 1 at 13)[1].

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

3. Within Plaintiff's Complaint, Plaintiff alleges that he previous purchased an MP3 player which was supported by a provider who is in contract with Defendant. *See* (Doc. 1 *generally*).

4. Plaintiff alleges that the support for his MP3 player is due to end in January 2019 unless he pays an additional fee to allow for continued support. *See* (Doc. 1 *generally*).

5. The reason why the support is due to end is due to Defendant deciding to enter into a contract with a new private entity. (Doc. 1 *generally*).

6. Due to the above allegations, Plaintiff alleges that Defendant's decision amounts to a violation of Florida State law and the Equal Protection Clause.[2]

7. As relief, Plaintiff requests injunctive relief in the form of requiring Defendant to remain the contract currently in effect despite its expiration, and to dictate terms included within the contract. *See* (Doc. 1 at 13, 16).

8. Plaintiff also requests compensatory, punitive, and nominal damages. *See* (Doc. 1 at 13, 16-17).

---

[2] It is unclear whether this is the Florida Equal Protection Clause or the clause provided in the Constitution of the United States of America.

# MEMORANDUM OF LAW

## I. This Court lacks subject Matter Jurisdiction and should Dismiss Plaintiff's Complaint against Defendant.

This Court should dismiss Plaintiff's Complaint against Defendant because this Court lacks jurisdiction to entertain Plaintiff's claims and Plaintiff fails to demonstrate any actual case or controversy against Defendant. Within Plaintiff's Complaint, Plaintiff attempts to sue for actions that allegedly going to occur in January 2019, and have not yet occurred.

Article III of the Constitution permits federal courts to adjudicate only actual cases or controversies *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). This means that a litigant must suffer, or be threatened with, an actual injury traceable to the defendant's actions, and that the federal court must be able to grant effectual relief. *Id*. The case-or-controversy requirement must be satisfied at every stage of judicial proceedings. *Id*. The Supreme Court has explained that the "triad of injury in fact, causation, and redressability constitutes the court of Article III's case-or-controversy requirement. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-4 (1998).

"The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Digital Properties, Inc. v. City of Plantation*, 121 F. 3d 586, 589 (11th Cir. 1997).

"The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial determination, and (2) the hardship of the parties of withholding court consideration. *Id*. "Courts must resolve 'whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues defined and concrete, to permit effective decisionmaking by the court." *Id*.

In this case, Plaintiff's claims are not ripe for judicial review by this or any court. Plaintiff complains that on or around "January 23, 2019" his MP3 player purchased from the institutional canteen will cease to stop working unless he pays an additional amount of $24.95. *See* (Doc. 1 at ¶ 3). At this point in time, Plaintiff has not suffered any justiciable injury since his own allegations demonstrate that Defendant has not injured him in any manner, but rather that he *may* be allegedly injured in the future by having to pay an additional cost to keep his MP3 player operating.

Even more importantly, there is no degree of redressability within this Court. Plaintiff is complaining about a private contract entered between Defendant and private entities, and a decision allegedly made by a new private entity that Defendant may enter into a contract with. This Court has no power to require a state agency to enter into any specific contract or remain contractually obligated to

4

a specific entity. As a result, Plaintiff has no degree of redressability within this Court, and this Court lacks subject matter jurisdiction due to Plaintiff's claims not being ripe for review.

## II. Plaintiff fails to state a claim against Defendant.

Plaintiff fails to state a claim against Defendant under the Equal Protections Clause or under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Based on his failure to state a claim, his Complaint should be dismissed.

### A. Plaintiff fails to state a claim under the Equal Protections Clause.

The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). To establish an equal protection claim, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and [that] (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Secretary Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). *See also Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n. 6 (11th Cir. 2008) (noting that "the equal protection clause prohibits only intentional discrimination"). If a plaintiff

5

demonstrates he was treated differently than other similarly situated persons, he must then show that the difference in treatment was the result of discriminatory intent based on race, religion, national origin or some other constitutionally protected basis. *Jones v. Ray*, 279 F. 3d 944, 946-47 (11th Cir. 2001) (citing *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F. 2d 929, 932-33 (11th Cir. 1986)). Discriminatory intent requires more than awareness of the consequences of different treatment. *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (citation omitted). It requires demonstrating that the person who allegedly acted with discriminatory intent acted "because of, not merely in spite of, its adverse effects on an identifiable group." *Id*.

Merely treating similarly situated inmates disparately, without more, fails to state a claim for a violation of the Equal Protection Clause. *Barnes v. Parker*, 2014 WL 3615812 at *5 (July 22, 2014) (citing *E & T Realty Co. v. Strickland*, 830 F.2d 1107 (11th Cir. 1987) and *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987)). Even if a statute or regulation on its face treats similarly situated persons disparately, it is only subject to strict scrutiny if it discriminates based on race or another suspect classification, or if it infringes upon a fundamental right. *Arthur v. Thomas*, 674 F. 3d 1257, 1262 (11th Cir. 2012) (quoting *Leib v. Hillsborough County Public Transp. Com'n*, 558 F.3d 1301, 1306 (11th Cir. 2009)). In all other cases, the

disparate treatment is valid if it is rationally related to a legitimate government purpose. *Arthur v. Thomas*, 674 F. 3d 1257, 1262 (11th Cir. 2012) (quoting *DeYoung v. Owens*, 646 F. 3d 1319, 1327-28 (11th Cir. 2011)).

Plaintiff has not demonstrated that he is the part of any type of protected class. Plaintiff merely alleges he is being denied the ability to purchase a new item, and further that he does not wish to pay an amount of money to continue an optional service provided by Defendant. *See* (Doc. 1 *generally*). Plaintiff does not provide any alleged basis of discrimination based on race, religion, national origin, or other constitutionally protected basis Plaintiff's allegations de not describe any class of protected individuals. Incarcerated inmates are not a suspect class. *O'Connor v. Carnahan*, 2012 WL 2201522 at *12 (N.D. Fla. Mar. 27, 2012) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) and *Pryor v. Brennan*, 914 F. 2d 921, 923 (7th Cir. 1990)).

Further, Plaintiff is not being treated any differently from similarly-situated individuals. Plaintiff alleges that neither he, nor anyone else who currently has an MP3 player can purchase the newly-offered product, but can continue the service for an additional fee. Based on the treatment applying to all individuals in Plaintiff's situation, Plaintiff is not being treated any differently from anyone else in a similar situation.

A.     **Plaintiff fails to state a claim under the FDUTPA.**

To state a cause of action under the FDUTPA, a Plaintiff must demonstrate a deceptive act or unfair practice, causation, and actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869-70 (Fla. 2d DCA 2006). A "deceptive practice" is one that is "likely to mislead" a consumer. *Davis v. Powertel, Inc.*, 776 So. 2d 971, 973-74 (Fla. 1st DCA 2000) (citing *In Re International Harvester Co.*, 104 F.T.C. 949 (1984), *In the Matter of Cliffdale Assocs, Inc.*, 103 F.T.C. 110 (1984), and *Southwest Sunsites, Inc. v. Federal Trade Comm'n*, 785 F. 2d 1431 (9th Cir. 1986)). The FDUTPA states that:

> (2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to § 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) as of July 1, 2015.

FDUTPA, § 501.204(2) (2018). An objective test has been adopted by both Florida and Federal courts and the Federal Trade Commission. *See Davis*, 776 So. 2d at 974 (citing *Millennium Communications & Fulfillment, Inc. v. Office of the Attorney General*, 761 so. 2d 1256 (Fla. 3d DCA 2000)). *See also Southwest Sunsites*, 785 F. 2d 1431 (stating "[t]he commission will find deception if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.").

8

In this case, Plaintiff fails to demonstrate relief under the FDUTPA as he has not described any unfair or deceptive trade practice on behalf of Defendant. Plaintiff alleges that a "bait and switch" occurred because he was required to buy a product to purchase and play music due to his status as a prisoner. *See* (Doc. 1 *generally*). However, Plaintiff has not demonstrated an unfair, nor deceptive practice. Under the contract Plaintiff currently alleges is in effect, Plaintiff is required to buy an MP3 player, and then he would be provided a service in the form of the ability to purchase music. *Id*. *generally*. Plaintiff does not allege that the service he was provided has been denied to him, rather, it appears that he has taken full advantage of the service, and utilizes it a great deal. However, under Plaintiff's facts, Defendant has decided to cease the service which Plaintiff has been provided and taken advantage of and provided Plaintiff with plenty of notice of the termination of the service. Plaintiff has no right, constitutional or otherwise, to the service which he alleges Defendant has decided to end, *see e.g*. *McKune v. Lile*, 536 U.S. 24, 39-40 (2002) (inmate's loss of access to canteen does not implicate a liberty interest); *Keenan v. Hall*, 83 F. 3d 1083, 1092 (9th Cir. 1996); *Dixon v. Campbell*, 2006 WL 1214813, *2 n.2. (M.D. Ala. 2006) (loss of store privileges not significant and atypical hardship); *Haubrich v. MacDonald*, 2006 WL 2830174, *6 (D. Mont. 2006) (inmates have no

9

constitutional right to spend money at prison canteen or to obtain food or property other than the necessities of life); § 33-601.800, Fla. Admin Code R.; § 33-602.220, Fla. Admin. Code R.; § 33-602.222, Fla. Admin. Code R., and Defendant has provided him with notice of the termination of the service. Plaintiff's allegations describe neither an unfair nor deceptive practice on the part of Defendant.

Further, the notice by Defendant demonstrates that there is no unfair or deceptive practice which would "mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Southwest Sunsites*, 785 F. 2d 1431. Plaintiff has been provided with fair notice of the termination of the service, and Defendant has even provided Plaintiff with alternative method of continuing to take advantage of the service. *See* (Doc. 1 at 6). Plaintiff is fully informed of the ending of the service, and Defendant is not attempting to have Plaintiff attempt to continue to take advantage of it to his detriment. As a result, Plaintiff fails to state a claim under the FDUTPA.

### III. Defendant is entitled to Eleventh Amendment immunity to the extent she is being sued in her Official Capacity for damages.

To the extent that Plaintiff is suing Defendant in her official capacity, Defendant is entitled to immunity under the Eleventh Amendment. A suit against a state employee in an Official Capacity is a suit against the State for Eleventh

Amendment purposes. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In the absence of any waiver or express congressional authorization, which is not present in this case, the Eleventh Amendment prohibits a suit against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490 (11th Cir. 1995). It is apparent that Florida has not waived its sovereign immunity nor consented to be sued in damage suits brought pursuant to § 1983. *See Gamble v. Florida Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1513 (11th Cir. 1986). Florida has explicitly not waived its Eleventh Amendment immunity from suit in Federal Court. Fla. Stat. § 768.28(18) (2016). Accordingly, Defendant is immune from suit in her Official Capacity and all official capacity claims against her must be dismissed.

## IV.     Plaintiff is not entitled any damages.

Furthermore, Plaintiff fails to state a claim which would entitle him to any damages as he fails to state a physical injury. As such, Plaintiff's request for damages from Defendants must be dismissed pursuant to 42 U.S.C § 1997e(e).

"No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while

in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit is in accord that, under 42 U.S.C. § 1997e(e), compensatory and punitive damages are unavailable absent physical injury. *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury; *Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (stating that § 1997e(e) precludes an inmate's claims for compensatory and punitive damages without a prior showing of physical injury); *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000) ("compensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated"). The physical injury requirement applies to all federal claims, including constitutional claims. *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000).

While 42 U.S.C. § 1997e(e) does not define "physical injury," the Eleventh Circuit has held that to satisfy the statute, the physical injury must be more than minimal, but need not be significant. *Daughtry v. Moore*, Slip Copy, 2009 WL 1151858, *5 (S.D. Ala. 2009), citing *Dixon v. Toole*, 225 F. App'x 797, 799 (11th

12

Cir. 2007). *See also Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), vacated, 197 F.3d 1059, reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *Mitchell v. Horn*, 318 F.3d 523, 536 (3rd Cir. 2003); *Oliver v. Keller*, 289 F.3d 623, 626-628 (9th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997), abrogated on other grounds by *Wilkins v. Gaddy*, 559 U.S. 34 (2010). In explaining the type of injury which is not barred by 28 U.S.C. § 1997e(e), some courts have proffered the following common-sense approach; "would the injury **require** or **not require** a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury?" *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (emphasis added). Stated another way:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains.

*Talley v. Johnson*, 2008 WL 2223259, *3 (M.D. Ga. 2008) (citing *Luong*). *See also Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x. 555, 557 n.3 (11th Cir. 2014) (per curiam) (unreported op.) (citing *Luong*); *Brown v. McGowan*, 2014 WL

4538056, *7 (N.D. Fla. 2014) (same); *Kirkland v. Perkins*, 2014 WL 1333214, *13 n.7 (S.D. Fla. 2014) (same).

Further, the Eleventh Circuit has held that *Harris* and its progeny determined that § 1997e(e) foreclosed claims for both compensatory and punitive damages. *Al-Amin v. Smith*, 637 F.3d 1192, 1197-98 (11th Cir. 2011); *Fraizer v. McDonough*, 264 F. App'x 812, 815 (11th Cir. 2008). Nominal damages, however, are not precluded by § 1997e(e). *Fraizer*, 264 F. App'x at 815; *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by *Sossamon v. Texas*, 563 U.S. 277, 283 n.3 (2011). Nominal damages are appropriate "if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003).

When a *pro se* plaintiff has not requested any cognizable claim for damages in his complaint, prior to dismissal, the district court must determine whether the complaint could be liberally construed to request nominal damages. *Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015); *Hughes*, 350 F.3d at 1162-63. *See also* Fed. R. Civ. P. 54(c) (2016) (stating that, except for default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading"); *Jackson v. Wilson*, 2013

14

WL 5567323, 2 (S.D. Fla. 2013) (concluding that a request for "(30) days deducted off my sentence for each day spent in segregation (82 days in segregation x 30 = 2,460 days) and/or $250,000.00 in restitution" did not contemplate a request for nominal damages); *Honors v. Judd*, 2011 WL 3498287, 6-7, n.2, n.3 (M.D. Fla. 2011) (indicating that a request for relief of "I would like the court to allow me to pursue this claim to a jury for the severe injuries I received at the hands of officers. I would like punitive and compensatory money damages" did not request nominal damages.); *Holloway v. Bizzaro*, 571 F. Supp. 2d 1270, 1272-73 (S.D. Fla. 2008) (finding that Plaintiff's complaint failed to consider a request for nominal damages based on a request for "Compensatory damages $10,000,000, attorney fees if applicable, and trial by jury."). Though Plaintiff's Complaint requests nominal damages, Plaintiff has not claimed any violation of a "fundamental constitutional right" as he only brings claims under Florida law. *See* (Doc. 1 *generally*). As a result, Plaintiff does not demonstrate any entitlement to any degree of damages, and Plaintiff's requests for damages should be dismissed.

**V.      Plaintiff's Request for Injunctive Relief is improper.**

Within the Complaint, Plaintiff requests that this Court require Defendant to remain in or renew a contract with two private entities whom Defendant previously contracted with. *See* (Doc. 1 at 13, 16). Plaintiff also appears to request that this

15

Court set terms of the contract which he requests this Court require Defendant enter or remain in. *See Id.* at 16. Plaintiff's request for injunctive relief is entirely improper as this Court has no authority to require that Defendant enter into or remain in a contract with a private entity. As a result, Plaintiff's injunctive relief should be dismissed.[3]

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that Plaintiff's First Claim within his Civil Rights Complaint be dismissed.

Respectfully Submitted,

**PAMELA JO BONDI**
ATTORNEY GENERAL
Office of the Attorney General
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

---

[3] Defendants would also intend to explore whether Plaintiff exhausted his administrative remedies as it does not seem possible that he could have done so due to his alleged allegations having not yet occurred. Undersigned counsel has not yet been provided the documents related to this issue. *See* (Doc. 33).

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion to Dismiss for Failure to Exhaust Administrative Remedies* was e-filed electronically through CM/ECF on June 22, 2018, and furnished by U.S. Mail to: George Richard Mendoza, DOC# 099172, Avon Park Correctional Institution, 8100 Highway 64 East, Avon Park, Florida 33825, on June 22, 2018.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Motion totals 336 words and that the Supporting Memoranda required by N.D. Fla. Loc. R. 7.1(E) contains 3,284 words, totaling 3,620 words and not exceeding 8,000 total words as required by N.D. Fla. Loc. R. 7.1(F).

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829