**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

GEORGE RICHARD MENDOZA,

    Plaintiff,

v.                                   CASE NO. 4:18cv66-RH-CAS

SECRETARY MARK INCH et al.,

    Defendants.

_____/

## ORDER DISMISSING THE COMPLAINT IN PART

The plaintiff George Richard Mendoza is a prisoner in the Florida Department of Corrections. He alleges he fell victim to a bait-and-switch scheme—that he bought an MP3 player and music from Department vendors based on assurances that he would be able to use them for as long as he was in custody but that the Department now prohibits him from doing so.

Mr. Mendoza brought this action against the Department's Secretary and three alleged vendors: Access Corrections, Trinity Services Group, and Keefe Group. Mr. Mendoza demands damages as well as injunctive and declaratory relief. He asserts due-process and equal-protection claims under 42 U.S.C. § 1983.

And he asserts state-law claims for breach of contract and violation of the Florida Deceptive and Unfair Trade Practices Act.

Mr. Mendoza has moved for a preliminary injunction. Each defendant has moved to dismiss. Trinity has moved alternatively for summary judgment. The motions are before the court on the magistrate judge's report and recommendation, ECF No. 68, and Mr. Mendoza's objections, ECF No. 69.

This order directs the clerk to set an oral argument on the preliminary-injunction motion and on Trinity's motion to dismiss or for summary judgment. The order rules on the other motions to dismiss. An evidentiary hearing on the preliminary-injunction motion will be set on adequate notice if, after oral argument, it appears warranted.

The report and recommendation correctly concludes that any § 1983 damages claim against the Secretary in his official capacity is barred by the Eleventh Amendment. In his objections, Mr. Mendoza says he asserts claims against the Secretary in his *individual* capacity. He correctly notes that the Eleventh Amendment does not bar individual-capacity claims. But *qualified immunity* applies to damages claims against public employees in their individual capacities and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 135 S. Ct. 348 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v.*

*Fitzgerald*, 457 U.S. 800 (1982). Even if the Secretary did what Mr. Mendoza alleges, the Secretary did not violate law that was clearly established. In sum, regardless of the capacity in which he was sued, the Secretary cannot be held liable for damages under § 1983.

The § 1983 claims for injunctive and declaratory relief against the Secretary are not barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123 (1908). As the report and recommendation correctly concludes, Mr. Mendoza is entitled to proceed with the § 1983 due-process claim for injunctive and declaratory relief. Mr. Mendoza has failed, though, to state an equal-protection claim on which relief can be granted. This order dismisses the equal-protection claims against all defendants.

A state official, like a state itself, has Eleventh Amendment immunity from state-law claims not only for damages but also for injunctive or declaratory relief, unless the immunity has been waived or validly abrogated by Congress. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). The Eleventh Amendment bars Mr. Mendoza's state-law claims against the Secretary in his official capacity.

Under Florida Statutes § 768.28(9), a state employee—including a department head—is individually liable for acts within the scope of employment only if the employee "acted in bad faith or with malicious purpose or in a manner

exhibiting wanton and willful disregard of human rights, safety, or property." The complaint does not allege facts sufficient to state a claim against the Secretary in his individual capacity based on this standard.

In sum, Mr. Mendoza is not entitled to proceed in this action on his state-law claims against the Secretary in either his official or individual capacity.

As the report and recommendation correctly concludes, Mr. Mendoza is entitled to proceed on his claims against Access Corrections and Keefe Group, other than the equal-protection claim.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's further opinion to the extent consistent with this order.

2. The Secretary's motion to dismiss, ECF No. 32, is granted in part and denied in part. All claims against the Secretary are dismissed except for the § 1983 due-process claim for injunctive and declaratory relief.

3. Access Corrections' and Keefe Group's motion to dismiss, ECF No. 43, is granted in part and denied in part. The equal-protection claim against these defendants is dismissed. The other claims against these defendants are not dismissed.

4. By a separate notice, the clerk must set oral argument on the motion for a preliminary injunction, ECF No. 63, and Trinity's motion to dismiss or for summary judgment, ECF No. 59.

SO ORDERED on March 17, 2019.

s/Robert L. Hinkle  
United States District Judge