**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

GEORGE RICHARD MENDOZA,

    Plaintiff,

v.                                                CASE NO. 4:18cv66-RH-GRJ

SEC'Y MARK S. INCH et al.,

    Defendants.

_____/

**ORDER DISMISSING ALL CLAIMS EXCEPT
THE FDUPTA CLAIM AGAINST KEEFE**

    The Florida Department of Corrections established a program under which prisoners could purchase MP3 players and download music from Keefe Commissary Network LLC. The Department later terminated the program and replaced it with a program under which prisoners could acquire electronic tablets, download music, and obtain other services from a private entity unrelated to Keefe.

    This led to a class action against the Department's Secretary challenging termination of the MP3 program. The action was settled on terms providing substantial benefits to class members: credits allowing purchase of music and other

services accessible with tablets distributed under the new program. Prisoners were better off in many respects under the new program and settlement than they had been under the old program with its MP3 players. *See Demler v. Inch*, No. 4:19cv94 (N.D. Fla. Dec. 10, 2020) ("Order on the Approval of the Class Settlement").

George Richard Mendoza filed the case now before the court before certification of the *Demler* class and indeed before the *Demler* action was filed. Mr. Mendoza seeks relief against the Secretary and Keefe. The Secretary was a defendant in *Demler*, but Keefe was not.

I

The Secretary has moved to dismiss Mr. Mendoza's claims or for summary judgment. An earlier order dismissed all claims against the Secretary except the due process claim under 42 U.S.C. § 1983 for injunctive and declaratory relief. *See* ECF No. 70. This order grants summary judgment for the Secretary on the remaining claim because Mr. Mendoza was a member of the *Demler* class and is bound by the judgment entered in that case. *See, e.g.*, *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289 (11th Cir. 2007); *Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989, 992 (5th Cir. 1981); *Fowler v. Birmingham News Co.*, 608 F.2d 1055, 1058 (5th Cir. 1979). *Penson* and *Fowler* remain binding in this court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en

banc).

Absent unusual circumstances not present here, a class member has no right to opt out of a (b)(2) class. *See, e.g.*, *Holmes v. Cont'l Can Co.*, 706 F.2d 1144 (11th Cir. 1983); *see also Penson*, 634 F.2d at 993; *Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 433-34 (5th Cir. 1979). This case shows why. The Department elected to end the MP3 program and move to a new program providing enhanced benefits. Keeping both programs probably would have reduced the new provider's willingness to offer the same benefits at the same price and would have burdened the Department in various respects, including by requiring the Department to maintain kiosks and a schedule for prisoners to visit them to maintain their MP3 players. The Department's decision to terminate the old program was either legal or it was not; the decision could not be upheld in *Demler* but struck down in *Mendoza*. Indeed, this is the paradigm of a case appropriate for class certification under Federal Rule of Civil Procedure 26(b)(2): the Department acted on grounds that apply generally to the class.

Based on the class settlement, Mr. Mendoza has received a tablet and credits with which he may purchase songs and other services. He says he has not obtained all credits due under the settlement—and if that is true, relief will be available in *Demler* on a motion to enforce the settlement. Mr. Mendoza is not entitled to an

injunction requiring the Department to provide more—to treat him differently from the other *Demler* class members.

In asserting he is not bound by the *Demler* judgment, Mr. Mendoza notes that he filed his case first. He says I told him he could proceed with his case, but that occurred before the *Demler* judgment was entered and indeed before the *Demler* class was certified. What matters now is not which case was filed first, but which case resulted in a judgment first. "Res judicata arises from a judgment." 18 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4404 (3d ed. Oct. 2020 update); *see also Penson*, 634 F.2d at 996 ("The time sequence of filing of the individual claim and the class action is therefore irrelevant to the operation of the res judicata bar."). The first judgment in time establishes preclusion in any other action, no matter which action was filed first. *See* 18 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4404 (3d ed. Oct. 2020 update) (citing *Chicago R.I. & P. Ry. Co. v. Schendel*, 270 U.S. 611, 615-17 (1926)) ("Nor is it material that the action or proceeding, in which the judgment, set up as an estoppel, is rendered, was brought after the commencement of the action or proceeding in which it is pleaded."); s*ee also United States v. Kettering Health Network*, 816 F.3d 399, 416 (6th Cir. 2016) ("[T]he relevant inquiry for res judicata is which action resulted in judgment first, not which action was filed first.").

Mr. Mendoza also notes that the *Demler* plaintiffs challenged only the loss of their music, not the loss of the MP3 players. This does not matter for at least two reasons. First, the *Demler* judgment is binding for all claims arising from this transaction that were or could have been asserted in that action. *See, e.g.*, *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289-90 (11th Cir. 2007) ("Claim preclusion applies 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'") (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1358-59 (11th Cir. 1992)); *see also Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (discussing the prohibition against claim splitting). Second, any claim based on removal of the MP3 players, separate and apart from any right to listen to the purchased music, would fail on the merits. The claims against the Secretary ended with *Demler*.

## II

Keefe has also moved for summary judgment. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 162, Mr. Mendoza's objections, ECF No. 163, and Keefe's response, ECF No. 164. I have reviewed de novo the issues raised by the objections.

With one exception, the report and recommendation correctly concludes that Keefe is entitled to summary judgment. The exception is the claim under the

Florida Deceptive and Unfair Trade Practices Act. The record would support a finding that Keefe made deceptive statements in its advertising for the program. Thus an advertisement said once music was purchased, the prisoner would always "own" it—a statement that a reasonable prisoner, especially one serving a life sentence, might understand to mean the prisoner would always have it, including while in prison. And the advertisements omitted any reference to the Department's ability to terminate the program. Keefe says it formally notified prisoners of the program's conditions and that these clearly indicated the Department could terminate the program. But Keefe provided prisoners notice of the conditions only after purchase of an MP3 player. Keefe says it would have refunded the purchase price to any prisoner who, upon learning of the conditions, did not wish to proceed, but Keefe's advertisements and conditions told prisoners exactly the opposite: "No refunds will be issued for MP3 or accessory orders after order has been made." ECF No. 136-8 at 1. At least on the record now before the court, a reasonable juror could find Keefe engaged in an unfair or deceptive trade practice.

III

For these reasons,

IT IS ORDERED:

1. The Secretary's motions to dismiss and for summary judgment, ECF Nos. 156 and 157, are granted. All remaining claims against the Secretary are dismissed with prejudice.

2. The report and recommendation, ECF No. 162, is accepted and adopted as the court's opinion in part.

3. Keefe's summary-judgment motion, ECF No. 136, is granted in part and denied in part. All claims against Keefe other than the FDUTPA claim are dismissed with prejudice.

4. The clerk must set a status conference by telephone on the FDUTPA claim for the first available date.

5. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on March 25, 2021.

                                            s/Robert L. Hinkle
                                            United States District Judge